IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THE FIRST YEARS, INC., and
LEARNING CURVE BRANDS, INC.,

ORDER

            Plaintiffs,

3:07-cv-00558-bbc

     v.

MUNCHKIN, INC.,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this action for patent infringement, plaintiffs The First Years, Inc. and Learning Curve Brands, Inc. contend that products made by defendant Munchkin, Inc. infringed two of plaintiffs' patents relating to plastic reusable spill-proof cups.  Defendant has asserted counterclaims, including one in which it contends the patents are unenforceable because of plaintiffs' inequitable conduct before the United States Patent and Trademark Office.

Now before the court is plaintiffs' motion to dismiss Count III of defendant's counterclaims relating to inequitable conduct.  Plaintiffs contend that defendant's counterclaim is deficient for failing to plead the elements of inequitable conduct with particularity.  Specifically, plaintiffs fault defendant's counterclaim because it does not state

1

that plaintiffs intended to deceive the United States Patent and Trademark Office. Defendant contends that its counterclaim is not deficient, and in the alternative requests that it be granted leave to amend the counterclaim.  Defendant's failure to assert, even generally, that plaintiffs intended to deceive the United States Patent and Trademark Office is insufficient.  However, I will grant leave for defendant to amend its counterclaim because there is no evidence of undue delay, bad faith, undue prejudice or futility.

Plaintiffs' motion turns on the sufficiency of defendant's counterclaim related to inequitable conduct, which states in relevant part:

17. This is a counterclaim for a declaratory judgment that United States Patent No. 6,976,604 ("the '604 patent") and United States Patent No. 7,185,784 ("the '784 patent") are both unenforceable because of inequitable conduct by those associated with the prosecution of the application that lead to the '604 patent.

18. Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the U.S. Patent and Trademark Office, which includes a duty to disclose to the Office all information known to the individual to be material to patentability.

19. The duty to disclose information exists with respect to each pending claim until the claim is cancelled or withdrawn from consideration, or the application becomes abandoned.

20. United States Patent 4,756,440 to Gartner ("the Gartner reference") was highly material to the subject matter being claimed in the patent application that led to the '604 patent.

21. The Gartner reference was cited to the U.S. Patent and Trademark Office in an information disclosure statement that contained so many other

2

references of lesser relevance that it was effectively concealed from the patent examiner.

22. The information that was concealed from the Examiner of the patent application that led to the '604 patent disclosed all of the elements of being claimed in the application that led to the '604 patent and thus would have precluded the issuance of the '604 patent had it been fully considered by the patent examiner.

23. By concealing the nature of the Gartner reference from the patent examiner, the applicants in the patent application that led to the '604 patent engaged in inequitable conduct.

Def.'s Resp. to Plts.' Mot. to Dismiss, dkt. # 11, at 2-3.

Plaintiffs contend that defendant's inequitable conduct counterclaim fails to state a claim upon which relief may be granted because defendant fails to allege any facts regarding intent to deceive the United States Patent and Trademark Office.  Accordingly, plaintiffs contend that the counterclaim is insufficient and should be dismissed under Federal Rules of Civil Procedure 9(b) and 12(b)(6).

A motion to dismiss does not test the merits of a complaint, but rather the sufficiency of its allegations.  Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990).  In considering a motion to dismiss for failure to state a claim, the court must accept as true well-pleaded factual allegations, drawing all reasonable inferences in favor of the pleading party.  Moranski v. General Motors Corp., 433 F.3d 537, 539 (7th Cir. 2005).

Federal Rules of Civil Procedure 12(b)(6) and 9(b) provide grounds for dismissal

under some circumstances.  The court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir. 2003) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Rule 9(b) requires dismissal of claims of fraud that are not pleaded with sufficient particularity.  Kennedy v. Venrock Associates, 348 F.3d 584, 593 (7th Cir. 2003).  To plead with sufficient particularity, a party alleging fraud "must plead the 'who, what, when, and where' of the alleged fraud."  Uni*Quality, Inc. v. Infotronx, Inc., 974 F.2d 918, 923 (7th Cir. 1992).  "Most importantly . . . [parties] must sufficiently allege the defendant's fraudulent intent."  Graue Mill Development Corp. v. Colonial Bank & Trust Co. of Chicago, 927 F.2d 988, 992 (7th Cir. 1991).  Intent may be "averred generally."  Fed. R. Civ. P. 9(b).

For a patent to be held unenforceable because of inequitable conduct, there must be clear and convincing evidence that the applicant (1) made an affirmative representation of material fact and (2) intended to deceive the United States Patent and Trademark Office. Impax Laboratories, Inc. v. Aventis Pharmaceuticals, Inc., 468 F.3d 1366, 1374 (Fed. Cir. 2006).  Although inequitable conduct is a broader concept than common law fraud, it must be pleaded with particularity.  Central Admixture Pharmacy Services, Inc. v. Advanced Cardiac Solutions, P.C., 482 F.3d 1347, 1356 (Fed. Cir. 2007).

4

Because plaintiffs do not allege any insufficiency of the "who, what, where, and when" of defendant's counterclaim, the question in this case is limited to whether defendant sufficiently alleged plaintiffs' intent to deceive the United States Patent and Trademark Office.  On this element, the counterclaim is silent.  There is no reference, general or otherwise, in defendant's counterclaim to the intent of either plaintiff to deceive the Patent and Trademark Office.  Therefore, defendant has not satisfied the pleading requirements of Rule 9(b).

Defendant argues that "the requisite intent for inequitable conduct may be inferred" from its allegations that (a) the Gartner reference is "highly material" and (b) the reference was effectively "concealed" by plaintiffs.  In support of this argument, however, defendant cites a case in which the court specifically noted that the counterclaim in question "included an appropriate intent allegation."  Videojet Systems International, Inc. v. Eagle Inks, Inc., 14 F. Supp. 2d 1046, 1049 (N.D. Ill. 1998) (defendant's counterclaim alleged that plaintiff's agents acted "with the intent that the Patent Office rely on the false representations in determining patentability").  An appropriate allegation of intent is required.  A "highly material" reference may sometimes give rise to an inference of intent to deceive when considering the *merits* of an inequitable conduct claim, Ferring B.V. v. Barr Labs, Inc., 437 F.3d 1181 (Fed. Cir. 2006), but this does not relieve parties from the *pleading* requirements of the claim.

5

_____Similarly, I reject defendant's argument that, for the purpose of satisfying the Rule 9(b) pleading requirements, an allegation of inequitable conduct "necessarily includes" allegations of the elements of inequitable conduct.  If this were the case, Rule 9(b) would not require defendant to plead with particularity any element of the claim.  To the contrary, "although intent is a state of mind that may averred generally . . . it must be alleged." Bender v. Southland Corp., 749 F.2d 1205, 1216 (6th Cir. 1984).

_____Although defendant's inequitable conduct counterclaim is insufficient, defendant will be granted leave to amend its counterclaim to resolve this error.  Federal Rule of Civil Procedure 15(a) instructs that leave to amend should be freely given when justice so requires, except where there is evidence of undue delay, bad faith, or undue prejudice.  Sound of Music v. Minnesota Mining and Manufacturing Co., 477 F.3d 910, 922 (7th Cir. 2007). Leave to amend may also be denied if the amendment would be futile, of it if would not survive a motion for summary judgment.  Id. at 923.

In their reply brief, plaintiffs allege that an amendment would be futile because there is no evidence that plaintiffs had the requisite intent to deceive the United States Patent and Trademark Office.  Arguments raised for the first time in a reply brief are considered waived. United States v. Adamson, 441 F.3d 513, 521 n.2 (7th Cir. 2006).  Moreover, whether plaintiffs had the requisite intent is a question of fact, which will be resolved at a later point.

6

Rule 9(b) merely requires that intent be "averred generally."  If defendant amends its counterclaim to include an allegation of intent, no "evidence" is required at this point.


ORDER

IT IS ORDERED that plaintiffs' motion to dismiss Count III of defendant's counterclaim is DENIED, and plaintiff is granted leave to amend its counterclaim to resolve the errors discussed herein.

Entered this 5th day of February, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

_____

7