IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THE FIRST YEARS INC. and
LEARNING CURVE BRANDS, INC.,

                                                          ORDER
                Plaintiffs,

v.                                                    07-C-558-C

MUNCHKIN, INC.,

                Defendant.

---

On May 9, 2008, defendant filed a motion to compel discovery and to move the summary judgment motion deadline to June 6, 2008. *See* Dkt. 41. On May 16, 2008, plaintiff filed a brief opposing compelled disclosure but remaining neutral on the summary judgment extension request. *See* Dkt. 46. On May 20, 2008, the parties submitted a stipulated extension of the summary judgment motion to June 6 in order to allow settlement negotiations. *See* Dkt. 48. The court granted this request the next day. *See* Dkt. 49.

What remains of the motion to compel is defendant's request for complete disclosure of plaintiff's communications with its patent attorney and disclosure of its communication with its foreign patent agents. As for the former, defendant acknowledges that the parties agreed to a clawback provision in their protective order, but claims that plaintiff waited too long to seek return of inadvertently disclosed privileged documents. As for point two, defendant claims that plaintiff has not made a sufficient showing of privilege to allow withholding of this information.

In opposition, plaintiff outlines the extraordinary depth and breadth of ESI disclosure in this case and provides its view of the privilege notification pursuant to the clawback dispute.

Plaintiff then asserts that its foreign patent agents were working for and under the direction of its attorneys which is sufficient to bring them under the aegis of the attorney/client privilege. Having carefully considered both sides' submissions, I am ordering the parties to honor the clawback provision notwithstanding any dispute over timing. Plaintiff's explanation is logical and persuasive. Even if it were otherwise, this particular situation suggests that common sense and courtesy should triumph over punctilious adherence to a quasi-arbitrary self-imposed deadline. Needless to say, the court would extend the same accommodation to defendant if the roles were reversed.

As for plaintiff's foreign patent agents, the court is inclined to honor plaintiff's claim of privilege upon plaintiff's provision of some corroborating examples of its assertion. It is not clear from the submissions how many documents are at issue. If it's less than 50, then plaintiff should provide them all *ex parte* for *in camera* inspection by the court. If the number is larger, then plaintiff should provide about a dozen examples so that the court can corroborate plaintiff's assertions. Plaintiff must submit these documents not later than June 2, 2008. As a result, the motion to compel is granted in part and denied in part in the manner and for the reasons stated above. Each side will bear its own costs on this motion.

Entered this 28th day of May, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

2