IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THE FIRST YEARS, INC. and
LEARNING CURVE BRANDS, INC.,

                         OPINION and ORDER

              Plaintiffs,

                         07-cv-558-bbc

       v.

MUNCHKIN, INC.,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

At the final pretrial conference, I ordered the parties to submit briefs on the issue whether plaintiffs had enough evidence of defendant's "actual notice" required to seek a reasonable royalty for provisional rights under 35 U.S.C. § 154(d).  The parties have submitted the requested briefs.  I conclude that plaintiffs' letter to defendant identifying the published patent application constitutes sufficient notice.

Before I address this issue, I pause to take up a separate issue raised by plaintiffs that calls for resolution before trial.  Plaintiffs have moved for reconsideration of the order denying plaintiffs' motion to strike Mark Tebbe from the witness list.  Plaintiffs had their opportunity to raise arguments in support of their position in their original motion and at

1

the final pretrial conference.  Although plaintiffs appear more than happy to rehash their discovery disputes, I am not nearly as happy to entertain them.  Even if I were inclined to take up the issue they raise once more, nothing plaintiffs have added persuades me that it was error to deny its motion to strike.  Therefore, plaintiffs' motion for reconsideration will be denied.

Turning back to the briefing I invited, defendant's first argument in support of its motion to preclude plaintiffs' damages claim for provisional royalties is that plaintiffs failed to "develop" the theory until the eve of trial.  However, defendant concedes that plaintiffs advised it early in discovery that they would be seeking reasonable royalties from the date the application was published and never disavowed their intent to do so.  Plaintiffs made it clear that provisional royalties was on the table; they were required to do no more than that. To the extent they have admissible evidence in support of their theory, they should be allowed to present it to a jury.

Defendant next attacks plaintiff's evidence, contending that plaintiffs' only evidence of defendant's "actual notice" is inadequate.  Under 35 U.S.C. § 154(d), reasonable royalties are available only if the defendant had "actual notice of the published patent application" and the invention claimed in the published patent application is "substantially identical" to the invention claimed in the patent issued.  Plaintiffs assert that they have evidence that their counsel sent a letter to defendant on August 6, 2003 stating:

2

On behalf of our client The First Years Inc., we draw to your attention to [sic] the enclosed documents:

> U.S. Patent Application Publication, Pub. No. US 2003/0066839 A1, publication date, April 10, 2003, and
> International Application Published under the RCT, Publication No. WO 03/030695 A1, publication date April 17, 2003.

If you wish to discuss these publications, please contact me.

Defendant does not deny that the application described in the letter allegedly sent to defendant includes claims "substantially identical" to the claims of the '604 patent that defendant's sippy cups infringed.  However, defendant contends that the letter fails to provide the "actual notice" required under § 154(d) because it does not communicate "a specific charge of infringement by a specific accused product or device."  Dft.'s Mot., dkt. #245, at 5.  According to defendant, although § 154(d) on its face requires nothing more than "actual notice of the published patent application," the statute should be construed in light the statute limiting damages for infringement to those that occur after "the infringer was notified *of the infringement* and continued to infringe."  35 U.S.C. § 287(a) (emphasis added); <u>Amsted Industries, Inc. v. Buckeye Steel Castings Co.</u>, 24 F.3d 178, 187 (Fed. Cir. 1994) (actual notice required by § 287(a) "must be of 'the infringement,' not merely of the patent's existence or ownership.").

Defendant's suggestion has a practical appeal:  if § 287(a) limits damages for infringement of an issued patent to those situations in which there is actual notice of infringement, why shouldn't § 154(d) limit in the same way the royalties allowable for

3

practicing the invention disclosed in a patent application?  If it is not enough to simply identify a patent later found to be infringing to be entitled to damages under § 287(a), why should it be enough to simply identify a patent application to be entitled to damages under § 154(d)?  The answer lies in the plain language of the respective statutes.  Section 287(a) requires notice "of the infringement"; § 154(d) requires no more than "actual notice of the published patent application."  Perhaps parallel limitations make sense; if so, Congress is free to change the unambiguous language of § 154(d).  For the time being, however, there is no requirement that a patentee provide notice of the specific manner by which a defendant is believed to be practicing the inventions claimed in a patent application.  Notice "of the published patent application" is sufficient.  Defendant's motion to preclude plaintiffs from seeking a reasonable royalty for provisional rights under 35 U.S.C. § 154(d) will be denied. Plaintiffs will be allowed to submit evidence of the notice letter to the jury to decide whether the letter was sent and received.  As I explained in the final pretrial conference order, if the jury decides that it was, the parties will complete their discovery after trial and compute damages for the additional years based on the sales figures provided by defendant and the jury's determination of damages for the later years.

4

ORDER

IT IS ORDERED that

1.  Plaintiffs' motion for reconsideration of its motion to strike Mark Tebbe from defendant's witness list, dkt. #264, is DENIED.

2.  Defendant's motion to preclude plaintiffs from seeking a reasonable royalty for provisional rights under 35 U.S.C. § 154(d), dkt. #246, is DENIED.

Entered this 17th day of September, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

5